

### 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 806-865             DIVISION H

### XIOMARA ZUNIGA and PABLO AMADOR

VS.

### WALMART, INC., AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

FILED: _____     _____

                                                       DEPUTY CLERK

#### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, XIOMARA ZUNIGA and PABLO AMADOR ("collectively "PLAINTIFFS"), persons of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, who respectfully represent the following:

1.

Made Defendants herein are:

A) WALMART, INC. (hereinafter "WALMART"), upon information and belief, is a foreign corporation licensed to do and doing business in the Parish of Jefferson, State of Louisiana with its principal place of business located at 708 SW 8TH Street, Bentonville, AR 27216;

B) NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA (hereinafter "NATIONAL UNION"), upon information and belief, is a foreign insurance company, authorized to do, and doing business in the State of Louisiana, who at all times relevant hereto had in full force and effect a policy of liability insurance covering the Defendant, WALMART, from the type of liability alleged herein and is made a party defendant under the provisions of La. R.S. 22:1269(B)(1) (the exact provisions of said policy are unknown to Plaintiff and best known to defendants and are specifically pled herein as if copied *in extenso*).



06/12/2020 15:34:25 CERTIFIED TRUE COPY - Pg:1 of 6 - Jefferson Parish Clerk of Court - ID:2051562

EXHIBIT A

2.

Venue is proper in this Parish pursuant to Louisiana Civil Code of Procedure Article 74 because the wrongful conduct occurred in and the damages were sustained in the Parish of Jefferson.

3.

On or about June 10, 2019, Plaintiff, XIOMARA ZUNIGA ("ZUNIGA"), was a guest patron at the Walmart Supercenter, located at 300 West Esplanade Avenue, Kenner, Louisiana 70065, an area within the jurisdiction of this court.

4.

While purchasing groceries at the Walmart Store, ZUNIGA suddenly slipped on a leafy substance that was present in the store's hallway and fell to the floor which resulted in severe personal and bodily injuries.

5.

Upon information and belief, WALMART's employees failed to clean up the leafy substance for an extended period of time.

6.

WALMART had a duty, to the public and especially to the Plaintiff, to maintain its premises in a reasonably safe condition for the public's use but failed to do so.

7.

The existence of the slippery and hazardous substance on the floor presented an unreasonable risk of harm, to the patrons of WALMART and especially to ZUNIGA, and that risk of harm was or should have been reasonably foreseeable by WALMART.

8.

Upon information and belief, WALMART had actual and/or constructive knowledge of the leafy substance on the floor which created a hazard, prior to ZUNIGA's accident. WALMART had a duty, to the public and especially the ZUNIGA, to discover and keep the premises free of any hazardous conditions which reasonably might give rise to damages but failed to so.

9.

ZUNIGA shows that the accident and the resulting injuries were caused solely and/or collectively by the direct, gross negligence, fault, want of care and/or skill on the part of the Defendant, WALMART, its employees, agents and/or assigns in the following non-exclusive enumerated acts and omissions:

1. Failing to exercise reasonable care to prevent the unreasonably dangerous condition which caused Plaintiff's injuries;

2. Failing to exercise reasonable care to prevent the injury to Plaintiff;

3. Creating an unreasonably dangerous condition and failing to correct it or warn of its existence;

4. Failing to discover an unreasonably dangerous condition and failing to correct it or warn of its existence;

5. Failing to properly follow reasonable and adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured Plaintiff;

6. Failing to properly enforce reasonable and adequate cleanup procedures which would have removed the unreasonably dangerous condition which injured Plaintiff;

7. Failing to routinely inspect and keep the premises in a safe and suitable condition;

8. Failing to provide a safe environment for its patrons;

9. Failing to keep the floors of its establishment free of foreign matter;

10. Failing to promptly clean up the leafy substance; and

11. For any and all other want of care, dereliction of duty, acts of negligence as may be determined, including but not limited to Louisiana Civil Code Articles 2315, et seq., most notably Louisiana Civil Code articles 2315, 2316, 2317, and 2320.

10.

That as a direct result of the incident described herein above, Plaintiff, ZUNIGA, sustained injuries including but not limited to: medial meniscus tears of both knees, multiple lumbar disc herniations, multiple cervical disc herniations, lumbar disc bulging, cervical disc bulging, and muscle spasm - together with past and future mental anguish and physical suffering, expenses for medical care, including expenses for travel to the physicians' office, loss of enjoyment of life, loss of work, and residual disability, all of which entitles Petitioner to recover from Defendant, WALMART, such general and special damages as are reasonable in the premises.

11.

Plaintiff, ZUNIGA, alleges the following general and specific damages for which she is entitled to recover in an amount calculated to adequately compensate her for the injuries and damages she sustained, including, but not limited to:

a. Past, present, and future mental anguish;

b. Past, present, and future physical pain and suffering;

c. Past, present, and future medical expenses;

d. Lost wages;

e. Special care and services (including travel to the physician's office);

f. Neurosis;

g. Loss of enjoyment of life;

h. Partial Disability; and

i. Other injuries, general damages, and special damages as may be proven at the trial of this matter.

12.

At all relevant times contained herein, ZUNIGA and PABLO AMADOR ("AMADOR"), were husband and wife.

13.

As a result of the foregoing negligence and the resulting injuries described herein, AMADOR has suffered and continues to suffer various losses, including but not limited to the loss

06/12/2020 15:34:25 CERTIFIED TRUE COPY - Pg:4 of 6 - Jefferson Parish Clerk of Court - ID:2051562

24th E-Filed: 05/28/2020 11:02:29 Case: 806865 Div:H Atty:033965 DONALD A MAU

EXHIBIT A

of love and affection, society and companionship, services, financial support, aid, assistance and consortium of his wife.

14.

That at all times material hereto, there was in full force and effect a policy of liability insurance issued by Defendant, NATIONAL UNION, which by the terms and conditions of that policy Defendant, NATIONAL UNION, contractually agreed to afford liability insurance coverage for injuries caused by; WALMART, and therefore NATIONAL UNION is made a party Defendant, and is liable for whatever amount Defendant, WALMART, may be cast in judgment.

15.

The Defendants are jointly, severally, and solidarily liable to the Plaintiffs for the above damages.

16.

Plaintiffs annex to this petition certain Interrogatories and Request for Production of Documents to be answered by the Defendants in accordance with the time delays prescribed by law.

**WHEREFORE**, Plaintiffs, **XIOMARA ZUNIGA and PABLO AMADOR**, pray that the Defendants, **WALMART, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA**, be served with a copy of this petition and cited to appear and answer same, and that after due proceedings are had, there be judgment in favor of Plaintiffs, and against the Defendants, **WALMART, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA**, jointly, severally, and *in solido*, for damages as are reasonable in the premises with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, attorney fees and all general and equitable relief deemed proper by this Honorable Court. Plaintiffs additionally pray that the Defendants, **WALMART, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA**, answer separately, fully, in writing, and under oath the certain Interrogatories and Request for Production of Documents annexed hereto and served herewith within thirty (30) days of service.

*(signature and service information on following page)*

*Zuniga, et al v. Walmart, Inc., et al.*
Page 5 of 6



JON A. GEGENHEIMER   06/12/2020 15:34:25 CERTIFIED TRUE COPY - Pg:5 of 6 - Jefferson Parish Clerk of Court - ID:2051562

24th E-Filed: 05/28/2020 11:02:29 Case: 806865 Div:H Atty:033965 DONALD A MAU

EXHIBIT A

RESPECTFULLY SUBMITTED:

LAW OFFICE OF MIGUEL A. ELIAS

_____
MIGUEL A. ELIAS (#25384)
PAULA J. FERREIRA (#32662)
ADAM M. KLOCK (#36533)
MARIO D. ZAVALA, JR. (#37367)
GRAHAM BRIAN (#34459)
DONALD A. MAU (#33965)
OLIVIA L. KINNEAR (#38798)
RASHIM J. KHAN (#38505)
ROBERT E. DUHON (#35762)
4224 Williams Boulevard
Kenner, Louisiana 70065
Telephone: 504/469-3300
Facsimile: 504/469-3353
EM: info@meliaslaw.com

**PLEASE SERVE WITH DISCOVERY:**

WALMART, INC.
*Through its agent for service of process*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA
*Through its agent for service of process:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

24th E-Filed: 05/28/2020 11:02:29 Case: 806865 Div:H Atty:033965 DONALD A MAU

